RECEIVED
JUL 0 7 2023
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

(Robert V. Denney Federal Building, 100 Centennial Mall North, Room 593, Lincoln, NE 68508)

Ronald Satish Emrit, )
   Plaintiff (Pro Se) )
) C. A. No.: 4:23CV3122
v. )
)
Sabine Aisha Jules, )
   Defendant )
)
)

*************************************************************

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant Sabine Jules to obtain an injunction as an equitable remedy in the form of an annulment regardless of the Rooker-Feldman Doctrine or the previous divorce granted in 2006 by order of Judge Susan Greenhawt of Broward County, Florida (Fort Lauderdale) involving the Full Faith and Credit Clause of the U.S. Constitution. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

### I.) NATURE OF THE CASE

1.) Supreme Court Justice Clarence Thomas would agree that the plaintiff has a First Amendment freedom of association to get married to a Caucasian woman from the Ukraine and to have that implied fundamental and/or inherent right to be protected by the Equal Protection Clause of the 5th and

1

14th Amendments pursuant to a broad interpretation of the stare decisis of Loving v. Virginia.

2.) Furthermore, Supreme Court Justice Samuel Alito would agree that it is a form of witchcraft reminiscent of the Salem Witch Trials of Salem, Massachusetts to deprive an American man of the opportunity to have one legally-recognized marriage to a Caucasian woman from the Ukraine.

3.) Finally, Governor Ron DeSantis of the state of Florida would also agree that the American family structure is of the utmost importance and that if an American man wants a Stepford wife from the Ukraine to be his only legally-recognized marriage, then this implied fundamental right is also protected by 4th Amendment right to privacy and Due Process Clause of the 5th and 14th Amendments and the 13th Amendment abolishing slavery and indentured servitude.

4.) As such, the plaintiff is now "forum shopping" in several federal courts to obtain an annulment of a previous marriage in which the plaintiff was divorced in 2006 by order of Judge Susan Greenhawt of 17th Judicial District of Broward County, Florida involving the Full Faith and Credit Clause and UNiform Interstate Family Support Act (UIFSA) after JUdge Susan Greenhawt issued a $5,000 child support order in which income was imputed on the plaintiff and this order was appealed to 4th DCA of Palm Beach, Florida by Nancy Hass, Esquire, i.e. attorney for Larry Birkhead in the Anna Nicole Smith case.

5.) Nevertheless, the plaintiff's parental rights were terminated in June of 2009 after his attorney William Zimmerman, Esquire of Deerfield Beach, Florida filed a motion on the plaintiff's behalf which rendered the $5,000 child support order null and void as if the plaintiff had given his daughter up for adoption and/or foster care in which the plaintiff has also litigated against Apple Grove Foster Care Agency (AGFCA) in Utah and Hawaii and presided over by Judge Derrick Watson of Honolulu, Hawaii.

6.) Nevertheless, because the plaintiff was married in Las Vegas on August 31st, 2002 and was divorced in Fort Lauderdale in 2006, the plaintiff argues that he can obtain an annulment anywhere in the United States based on a theory of federal question of Equal Protection, Due Process, Freedom of Association, Right to Privacy, Privileges and Immunities and/or diversity of jurisdiction.

## II.) PARTIES TO THIS LITIGATION

7.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 5108 Cornelias Prospect Drive, Bowie, Maryland 20720. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

8.) The first and only defendant is Sabine Aisha Jules who the plaintiff believes lives in the vicinity of Fort Lauderdale and/or Broward County. The plaintiff argues that service of process should be through publication and not Form USM 285 involving U.S. Marshals Service (USMS) because the plaintiff does not know where to serve process. Therefore, service of process should be through publication in a local newspaper such as Miami Daily Herald if and only if (iff) the judge rules that this should not be treated as an ex parte proceeding regarding the plaintiff's substantive and procedural due process rights to get an annulment as part of the penumbra of his right to privacy.

## III.) JURISDICTION AND VENUE

9.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional

support;"

10.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

11.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Nebraska (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

12.) As an Article III court, the U.S. District Court for the District of Nebraska also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

13.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

14.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

15.) Although the amount in controversy does not exceed $75,000 (i.e. $0 is less than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

16.) Procedurally speaking, Magistrate Judge Shiva Hodges issued a Report & Recommendation (R&R) suggesting that a South Carolina against Sabine Jules should be transferred to Florida.

17.) Judge Aleta TRauger transferred a case against Florida Department of Law Enforcement (FDLE) from Nashville, Tennessee to Southern Florida.

18.) Either JUdge Carl Barbier or Judge Donna Phillips Currault transferred a case from Eastern Louisiana (New Orleans) to Southern Florida.

19.) If litigation were a chess board, then the state of Tennessee would be a bishop, the state of South Carolina would be a rook, and the state of Louisiana is shaped like a knight, and it would be "checkmate" in the sense that Florida is a white or black king on the other side of the chess board.

20.) In other words, the Tennessee, Louisiana, and South Carolina cases against Sabine Jules are all necessary pieces on the chess board to obtain an annulment from Sabine Jules a legal declaration that the plaintiff was never married to Sabine Jules.

21.) Getting an annulment from Sabine Jules is extremely important to the plaintiff because the plaintiff's fiance from the Ukraine does not know that he was married before to a Haitian-American woman and the plaintiff does not want to have to inform his current fiance that he was married before because the plaintiff's previous marriage to a woman that is not his type is extremely embarrassing to the plaintiff and the plaintiff wants to re-write his life story to exclude his previous marriage.

22.) In addition, the plaintiff does not want a woman appearing out of nowhere (Yanick Emrit) claiming to be the plaintiff's daughter which would interfere with the plaintiff's engagement to another woman from the Ukraine.

23.) To be more specific, Judge Susan Greenhawt already rules that the plaintiff is not legally-recognized as a father and so therefore the plaintiff is not a father by law as if he gave up his daughter for adoption or foster care and therefore the plaintiff wants to deny that he is a father to Yanick Emrit who might interfere with the plaintiff's future marriage to a woman from the Ukraine who is more important to the plaintiff than both Sabine Jules and her daughter who the plaintiff does not know since 2007 and does not want to meet with in the future.

24.) Because the plaintiff might have to get a liver transplant because he has been informed that he has high liver enzymes (a sign of liver failure), the plaintiff believes that "time is of the essence" regarding his desire to obtain an annulment from a previous marriage so that the plaintiff can enjoy the rest of his life with a

future marriage to a woman from the Ukraine without any tortious interference with family relations by Sabine Jules or her daughter which are not family to the plaintiff by legal ruling of Judge Susan Greenhawt (now retired).

25.) Nevertheless, the plaintiff and defendant were married in Clark County, Nevada (Las Vegas) on August 31st, 2002 at a wedding chapel that the plaintiff does not remember.

26.) The plaintiff only got married to the sole defendant because she informed the plaintiff that she was pregnant after the plaintiff and defendant took a trip to Europe and visited the cities of Venice, Domodossola, Pisa, Rome in Italy in addition to Vatican City, France (Morzine-Avoriaz), and Switzerland (Lausanne, Zurich, Geneva).

27.) The plaintiff's divorce was finalized in 2006 by order of Judge Susan Greenhawt after the plaintiff's attorney Bennett Oppenheimer order a DNA paternity test notarized by Glenda Stutretvant of Ohio.

28.) Dr. Michael Baird performed the paternity test and pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court can take judicial notice that Dr. Michael Baird was the doctor who performed the paternity test for Larry Birkhead of Kentucky in the Anna Nicole Smith/Danielynne case.

29.) Furthermore, the plaintiff's attorney Nancy Hass, Esquire of Hallandale Beach, Florida was also Larry Birkhead's attorney in the Anna Nicole Smith case involving judicial proceedings in the Bahamas as well.

## V.) COUNT ONE: TORTIOUS INTERFERENCE WITH FAMILY RELATIONS

30.) The plaintiff argues that the sole defendant Sabine Aisha Jules committed the tortious interference with family relations by interfering with his prior engagement to Rachel Barreiro Garcia of Las Tunas, Cuba.

31.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the plaintiff only attended Saint Thomas University School of Law in Miami Gardens, Florida to be in close proximity to "Gisela and

Eloy,"i.e. The aunt and uncle of Rachel Barreiro Garcia who have a son by the name of "Christopher."

32.) Because the plaintiff is now trying to get married to Maria Cherniavska of Kharkiv, Ukraine, the plaintiff argues that it is necessary to provide her number on Whatsapp, i.e. +380994339671.

33.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that this number on Whatsapp has been uploaded in PACER or CM/ECF on Page 5 of an In Forma Pauperis Application/Affidavit submitted according to 28 U.S.C. Section 1915. Once again, that number on Whatsapp is +380994339671.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking the equitable remedy of an injunction requesting that the court issue an injunction as an equitable remedy declaring that the plaintiff was never married to Sabine Aisha Jules who the plaintiff believes currently lives around Fort Lauderdale or Broward County, Florida. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The plaintiff is not seeking punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of the aforementioned torts because the plaintiff appreciates that the sole defendant allowed him to terminate his parental rights in June of 2009 through an order issued by Judge Susan Greenhawt after a motion filed by the plaintiff's attorney, i.e. William Zimmerman of Deerfield Beach, Florida.

7

B.) The remedy at law in the form of an injunction as an equitable remedy or a declaratory judgment according to Rule 57 of Federal Rules of Civil Procedure (FRCP) would be considered appropriate given that it has been proved that the plaintiff is embarrassed to admit that he was married to the sole defendant who is not his type as he was trying to "break up" with the sole defendant in 2002 before he got married on August 31st, 2002.

C.) To clarify, this injunction as an equitable remedy is necessary to establish a "legal fiction" of selective amnesia in which both the plaintiff and the sole defendant can deny that they know each other.

D.) In summary, neither Maria Cherniavska nor Darya Ignateva knows that the plaintiff was married before to Sabine Jules and the plaintiff is trying to obtain an annulment in the federal court system so that the plaintiff does not have to inform his "Ukrainian princess" that he was married to a woman who is not his type who the plaintiff unfortunately got married to because she said that she was pregnant on or around 2002 at Phoenix Sky Harbor Airport in Phoenix, Arizona.

Respectfully submitted,

*[signature: Ronald Satish Emrit]*

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ronald Satish Emrit

**(b) County of Residence of First Listed Plaintiff** Prince Georges
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)* Boyle, MD
Satish Emrit
5108 Cornelias Prospect Dr. (703) 928-3043

## DEFENDANTS
Sabine Aisha Jules

**County of Residence of First Listed Defendant** Broward
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**Attorneys** *(If Known)* Nadine Girault, Esq.
Broward County Public Defender
Fort Lauderdale, FL

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | [X] 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Freedom of Association; Right to Privacy; Equal Protection
Brief description of cause: Federal Annulment (citing state decision Loving v. Virginia)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 0

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
**JUDGE** Rodolfo Ruiz **DOCKET NUMBER** Miami case

**DATE** July 2, 2023

**SIGNATURE OF ATTORNEY OF RECORD** Ronald Satish Emrit (pro se)

FOR OFFICE USE ONLY

Satish Emit
5108 Cornelias Prospect Drive
Bowie, Maryland 20720



RECEIVED
JUL 07 2023
CLERK
U.S. DISTRICT COURT
LINCOLN

Attn: Clerk of the Court
U.S. District Court of Nebraska
Robert V. Denney Federal Building
100 Centennial Mall North
Room # 593
Lincoln, Nebraska 68508