IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD SATISH EMRIT, | |
| Plaintiff, | 4:23CV3122 |
| vs. | |
| SABINE AISHA JULES, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, filed by Plaintiff Ronald Satish Emrit on July 7, 2023. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff files this action against his ex-wife and seeks an "injunction as an equitable remedy in the form of an annulment" of his previous marriage. Filing No. 1 at 1. He alleges that on August 31, 2002, he and the defendant were married in Las Vegas, Nevada, and they divorced in Florida in 2006. Id. at 3, 6. Plaintiff asserts that obtaining an annulment in this matter is "extremely important" to him because his "fiance [sic] from the Ukraine does not know that he was married before to a Haitian-American woman and the plaintiff does not want to have to inform his current fiance [sic] that he was married before . . . ." Id. at 5. In addition, and though she is not a

defendant, Plaintiff "does not want [Yanick Emrit] appearing out of nowhere . . . claiming to be [his] daughter" as his parental rights were terminated in June 2009. Id. at 5, 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States. [He] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citation and footnote omitted).

Plaintiff alleges that the Court "has jurisdiction on the grounds of diversity and a federal question presented." Filing No. 1 at 4. However, diversity jurisdiction is not satisfied because, although the Court assumes without deciding that the parties have diversity of citizenship, Plaintiff expressly states that "the amount in controversy does not exceed $75,000." *Id.* Therefore, the Court's subject matter jurisdiction cannot be predicated on 28 U.S.C § 1332.

With respect to the Court's federal question jurisdiction, Plaintiff states "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Filing No. 1 at 4. Plaintiff also asserts an "implied fundamental right" to have a "Stepford wife from the Ukraine . . . be his only legally-recognized marriage," which is "protected by 4th Amendment right to privacy and Due Process Clause of the 5th and 14th Amendments and the 13th

3

Amendment abolishing slavery and indentured servitude." *Id.* at 2. Plaintiff also states he is "'forum shopping' in several federal courts" to obtain the desired annulment, even though he already obtained his divorce in Florida state court, and cites to the Uniform Interstate Family Support Act (UIFSA). *Id.*

Even with the most liberal construction, the Court fails to discern a claim alleged under any of the cited federal laws. However, the Court need not determine whether Plaintiff adequately alleges any federal claim because venue in this Court is clearly improper. Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. See *De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, none of the events alleged in the Complaint transpired in, nor had any relation to, Nebraska. Further, Plaintiff does not allege that either party has any connection to Nebraska. Plaintiff states that he is a "resident of the state[s] of Florida and Maryland," and believes that the defendant lives in Florida. Filing No. 1 at 3. Thus, it is clear from the Complaint's allegations that no party resides in the District of Nebraska and a substantial part of the events giving rise to Plaintiff's claims did not occur in this district. Therefore, venue is not proper in this district and the Court will dismiss this case without prejudice. *See* 28 U.S.C. § 1406(a).

The Court finds dismissal, as opposed to transfer, is appropriate here for the same reasons articulated by the United States District Court for the Northern District of Oklahoma in an order dismissing an identical complaint filed by Plaintiff in that court. As that court explained,

> not only did plaintiff file this action in an obviously improper venue, but also it is likely frivolous and without merit. Further, as plaintiff filed the present action just four days ago, there is no reason to believe plaintiff will suffer any injustice from this dismissal rather than a transfer, such as by being time-barred from refiling in an appropriate venue, should one exist.

RONALD SATISH EMRIT, Plaintiff, v. SABINE AISHA JULES, Defendant., No. 23-CV-0278-CVE-MTS, 2023 WL 4477242, *3 (N.D. Okla. July 11, 2023) (slip copy).

The Court notes that a search of the federal judiciary's Public Access to Court Electronic Records (PACER) service reveals that from July 6, 2023 through July 11, 2023, Plaintiff filed twelve virtually identical actions against the same defendant named

herein, including this case and the case filed in the Northern District of Oklahoma cited above. *Emrit v. Jules*, 3:23-cv-50250 (N.D. Ill.); *Emrit v. Jules*, 1:23-cv-01197-RLY-MKK (S.D. Ind.); *Emrit v. Jules*, 1:23-cv-00049-CJW-KEM (N.D. Iowa); *Emrit v. Jules*, 4:23-cv-00231-SMR-HCA (S.D. Iowa); *Emrit v. Jules*, 2:23-cv-02305-JAR-TJJ (D. Kan.); *Emrit v. Jules*, 1:23-cv-00733-HYJ-RSK (W.D. Mich.); *Emrit v. Jules*, 3:23-cv-03013-RAL (D.S.D.); *Emrit v. Jules*, 4:23-cv-00697-Y (N.D. Tex.); *Emrit v. Jules*, 6:23-mc-00003 (S.D. Tex.); *Emrit v. Jules*, 3:23-cv-00456-wmc (W.D. Wis.). This Court has also noted before that "Plaintiff has a long history of filing pro se frivolous litigation in other districts and has been barred from filing in several of them." *Emrit v. Paypal, et al.*, No. 8:18-cv-00044-RGK-PRSE (D. Neb.), Memorandum and Order entered June 29, 2018, Filing No. 7 at 5 (citing cases). The Court previously has warned Plaintiff that appropriate steps would be taken should it appear he is abusing the privilege of proceeding in forma pauperis. *See Emrit v. DeVos*, No. 8:20CV61, 2020 WL 5027583, at *2 (D. Neb. Aug. 24, 2020) (citing *Emrit v. Paypal, et al.*, No. 8:18-cv-00044-RGK-PRSE (D. Neb.), Filing No. 7).

The Court concludes that Plaintiff's filing of the instant suit despite the Court's previous admonishments demonstrates a patent abuse of the process and the privilege of proceeding in forma pauperis and warrants restrictions on Plaintiff's future filings in this Court. As the Eighth Circuit Court of Appeals has explained:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful

consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice.... Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*Knight v. Biggs*, No. 8:22CV110, 2022 WL 1016475, at *2 (D. Neb. Apr. 5, 2022) (quoting *In re Tyler*, 839 F.2d 1290, 1292–93 (8th Cir. 1988), and citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.")).

Accordingly, the Court will now impose filing restrictions upon Plaintiff as follows: From this point forward, Plaintiff Ronald Satish Emrit, while proceeding pro se, shall not be permitted to file a case in forma pauperis in this Court without first seeking leave of the Court to do so, as set forth below. If Plaintiff proposes to file a pro se in forma pauperis complaint in which venue does not lie in this district, or is otherwise frivolous, the Court will direct the Clerk of Court to return the proposed complaint to Plaintiff without filing it.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This case is dismissed without prejudice.

3. The Court imposes the following filing restrictions upon Plaintiff: From this point forward, Plaintiff Ronald Satish Emrit, while proceeding pro se, shall not be permitted to file a case in forma pauperis in the United States District Court for the District of Nebraska without first seeking leave of the Court to do so. This limitation will not prohibit Plaintiff from proceeding as a proponent in any civil claim in this district with the representation of an attorney, nor will it prohibit Plaintiff from defending himself in any criminal or civil litigation brought against him in this district.

4. Every new pro se complaint submitted to the Clerk of the Court by Plaintiff that is not accompanied by payment of the Court's filing and administrative fees shall be referred to the Supervising Pro Se Judge, or his successor, for review before filing, and the Clerk of the Court is directed not to file any such case until this review has been completed. The Supervising Pro Se Judge shall review any such tendered complaint, and if it is determined that venue does not lie in this district or the complaint is otherwise frivolous, then the proposed complaint shall be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

5. Judgment will be entered by separate document.

Dated this 24th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge